UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**ATHENA BERZATI, on her own
behalf and on behalf of those
similarly situated,**

                                            **CASE NO.:**

        **Plaintiffs,**

**vs.**

**EVERISE, INC.,**

_____**Defendant.**_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, ATHENA BERZATI ("Berzati"), on her own behalf and on behalf of those similarly situated ("Plaintiffs"), was an employee of Defendant, EVERISE, INC. ("EVERISE" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of

living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated employees time and one half compensation for all of their hours worked over forty (40) each week.

7.     This action is intended to include each and every Call Center/Customer Service Representatives (hereinafter referred to as "CSR") who worked for Defendant in the United States at any time during the past three (3) years.

## PARTIES

8.     Plaintiff, and those similarly situated individuals ("class members"), are/were CSRs who work/worked for Defendant throughout the United States in call centers and/or remotely from home.

9.     Defendant, EVERISE, is a Florida Corporation.

10.     Defendant, EVERISE, offers services to its customers to include, among other things, customer service, technical support and sales and marketing services. *See* https://weareeverise.com.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12.     Defendant, EVERISE, operates globally including in several states nationwide, and is incorporated in Plantation, Florida where it maintains substantial operations, therefore venue is proper in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13.     At all material times during the last three years, EVERISE was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14.     At all material times during the last three years, EVERISE was an employer as defined by 29 U.S.C. § 203(d).

15.     At all material times during the last three years, EVERISE has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16.     At all material times during the last three years, EVERISE has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

      a.  Engaged in commerce; or

      b.  Engaged in the production of goods for commerce; or

      c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, and medical supplies/equipment).

## FACTUAL ALLEGATIONS

17.     EVERISE operates call centers throughout the United States.

18.     EVERISE employs numerous CSRs to provide support to its customers.

19.     Plaintiff and the other CSRs similarly situated to her performed CSR duties for EVERISE in call centers and/or remotely from home.

20.     Plaintiff, Berzati, worked as an hourly paid CSR for Defendant from approximately January 2020 through October 2021.

21.     Plaintiff and those similarly situated to her routinely worked in excess of forty (40) hours per week ("overtime") as part of her/their regular job duties.

22.     Plaintiff and those similarly situated to her were required to be logged into multiple software programs by a specified time in order to begin accepting calls from Defendant's customers.

23.     Plaintiff and those similarly situated to her were required to log into/boot up multiple software programs before being permitted to clock into Defendant's timekeeping system.

24.     Plaintiff and those similarly situated to her were required to log into/boot up multiple software programs before being permitted to clock into Defendant's timekeeping system. , which resulted in unpaid overtime during one or more workweeks.

25.     Plaintiff and those similarly situated to her were not paid for other compensable hours, including but not limited to, time spent troubleshooting and/or involving other technical computer issues, which resulted in unpaid overtime during one or more workweeks.

26.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half of her/their regular rate of pay for hours worked over forty (40) in a workweek.

27.     Upon information and belief, Defendant had/has a company-wide policy of failing to pay its CSRs proper overtime compensation for all of their overtime hours worked as a result of these improper policies.

28.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to her.

29.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

30.     Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to her, in accordance with the law.

31.     In fact, Defendant has been sued before for the precise FLSA violations that are the subject of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff and the class members performed the same or similar job duties as one another in that they performed CSR duties on behalf of Defendant.

33.     Plaintiff and the class members were all hired by Defendant to perform CSR duties on behalf of Defendant's customers.

34.     Plaintiff and the class members were paid an hourly rate for the work performed.

35.     Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

36.     Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half of their regular rate for all

hours worked in excess of forty (40) hours in a workweek as a result of Defendant's company-wide policies referenced herein.  Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

37.    Defendant's failure to compensate Plaintiff and the class members proper overtime pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative class members herein.

38.    These policies or practices were applicable to Plaintiff and the class members.

39.    Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members.  Accordingly, the class members are properly defined as:

> **All hourly paid call center/customer service representatives who worked for Defendant within the United States remotely and/or in-office during the last three (3) years and who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

40.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41.     Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

42.     During her/their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but was/were not paid time and one-half compensation for same.

43.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to her, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

44.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, is/are entitled to liquidated damages.

45.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;
>
> b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by her/them for which Defendant did not properly compensate her/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 5/6/2022                     .        Respectfully submitted by,

                                             Kimberly De Arcangelis, Esq.
                                             Bar No.: 025871
                                             C. Ryan Morgan, Esq.
                                             Bar No.: 0015527
                                             Morgan & Morgan, P.A.
                                             20 N. Orange Ave., 15th Floor
                                             Orlando, Florida 32801
                                             Telephone: (407) 420-1414
                                             Facsimile: (407) 245-3383
                                             Email:  kimd@forthepeople.com
                                                     rmorgan@forthepeople.com
                                             *Trial Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

electronically via the CM/ECF Sytem on May 6th, 2022 on all counsel or parties of record

on the Service List below.

Kimberly De Arcangelis, Esq.

## SERVICE LIST

**_Electronic Service_**
Kimberly De Arcangelis, Esq.
Bar No.:  025871
C. Ryan Morgan, Esq.
Bar No.:  0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:  kimd@forthepeople.com
        rmorgan@forthepeople.com
*Trial Attorneys for Plaintiffs*


**_To Be Served with Issued Summons:_**
Everise, Inc.
By Serving Its Registered Agent:
NRAI Services, Inc.
1200 South Pine Island Road
Plantation, Florida 33324